Filed 11/22/24  P. v. Sims CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Calaveras)

----

| | |
|---|---|
| THE PEOPLE, | C099385 |
| Plaintiff and Respondent, | (Super. Ct. No. 22F8490) |
| v. | |
| SANDY ARLENE SIMS, | |
| Defendant and Appellant. | |

A jury found defendant Sandy Arlene Sims guilty of four counts of arson and found true that each arson was committed during and within an area proclaimed by the Governor to be in a state of emergency.  The court sentenced her to prison for nine years and four months.

Defendant now contends the prosecutor committed prejudicial misconduct during jury selection by preconditioning the jury to return guilty verdicts.  Because defendant does not present this contention with adequate specificity or analysis, we find it forfeited and affirm the judgment.

1

**FACTS**

In May and July 2022, a total of four fires were intentionally ignited by a butane lighter or torch. At least two of these fires were on or near defendant's property.

At the time of the fires, defendant was on probation and wore a global positioning system (GPS) ankle monitor. That monitor's data history indicated she was in cl ose proximity to each of the fires when they were started. When defendant was arrested, several lighters were found in her home, and she had a butane lighter in her hand.

**DISCUSSION**

It is misconduct for a prosecutor to ask during voir dire "any question that, as its dominant purpose, attempts to *precondition* the prospective jurors to a particular result or indoctrinate the jury." (Code Civ. Proc., § 223, subd. (b)(3), italics added; see *People v. Hoyt* (2020) 8 Cal.5th 892, 915.) Reversal based on the prosecutor's comments to the jury is not automatic; defendant bears the burden to first show "a reasonable likelihood the jury understood or applied the complained-of comments in an improper or erroneous manner." (*People v. Gamache* (2010) 48 Cal.4th 347, 371; *People v. Castillo* (2008) 168 Cal.App.4th 364, 386 [applying the standard during voir dire].)

Specifically and in totality, defendant contends that during jury selection the prosecutor "preconditioned the jury through a series of questions and statements he made during voir dire regarding circumstantial evidence," "preconditioned the jury to ignore the fact there was no evidence linking appellant directly to the four arsons," and "sought to insure the impanelment of a jury that would return verdicts against appellant despite this inherent weakness in his case."

The pages defendant cites in support of this contention contain comments on multiple subjects such as circumstantial evidence, reasonable doubt, and eyewitness testimony. Defendant fails to identify specific objectionable questions or remarks even after the absence of such was noted by respondent. Further, although defendant

acknowledges her burden on appeal to show the jury likely construed the remarks in an objectionable fashion, she engages in no such analysis.

We are not bound to develop defendant's contentions for her (*Cahill v. San Diego Gas & Electric Co.* (2011) 194 Cal.App.4th 939, 956), and defendant cannot prevail without affirmatively showing error (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564). Because defendant fails to support her contention with adequate argument or comprehensible citations to the record, we therefore reject it as not properly raised. (*People v. Earp* (1999) 20 Cal.4th 826, 881; *People v. Stanley* (1995) 10 Cal.4th 764, 793.)

## DISPOSITION

The judgment is affirmed.


  /s/
MESIWALA, J.



We concur:



  /s/
ROBIE, Acting P. J.



  /s/
MAURO, J.